IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JIMMY ANDRION; GLORIA J. PAET, <br><br> Plaintiffs, <br><br> vs. <br><br> MAUI COUNTY; STATE OF HAWAII; UNITED STATES INCORPORATED, <br><br> Defendants. | CIVIL NO. 13-00578 SOM/BMK <br><br> ORDER OF DEFICIENCY |

ORDER OF DEFICIENCY

Plaintiffs Jimmy Andrion and Gloria J. Paet ("Plaintiffs"), proceeding pro se, have filed a new action entitled Motion to Show Cause Re: Patent Infringement in this court. Because the motion is not part of an ongoing case, it was filed as a miscellaneous case and Plaintiffs paid the $46 filing fee. The court has converted the miscellaneous case to a civil case. The new case number is Civil No. 13-00578 SOM/BMK. All future filings shall reflect the new case number.

All parties instituting any civil action, suit or proceeding in a United States district court, other than a writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a). Due to the prior payment of a $46 miscellaneous filing fee, Plaintiffs' balance due for the civil filing fee is $354.

Plaintiffs have 30 days to submit the balance due or individual applications to proceed in forma pauperis ("IFP"). An action may only proceed without prepayment of the filing fee if the parties are granted leave to proceed IFP. 28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiffs are advised that they must either pay the statutory filing fee or submit a fully completed and executed IFP applications for each Plaintiff by November 29, 2013. Failure to do so will result in AUTOMATIC DISMISSAL of this action for failure to prosecute or otherwise follow a court order. *See* Fed. R. Civ. P. 41(b); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (stating that the district court has authority to dismiss the complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees). Alternatively, Plaintiffs may file a Notice of Withdrawal of this action and obtain reimbursement of their $46 from the Clerk's Office, which will terminate this action.

In determining whether to proceed in this action, Plaintiffs should take heed that the motion is deficient on its face for several reasons, which they may not be able to overcome. If Plaintiffs choose to proceed in this action, they must provide a basis for the court's jurisdiction. *See* 28 U.S.C. §§ 1131, 1332. Plaintiffs attempt to assert jurisdiction pursuant to 28 U.S.C. §§ 1330 and 1338.

Neither provision bestows jurisdiction as pleaded.  Section 1330 provides jurisdiction over actions "against a foreign state, as defined in section 1603(a)."  28 U.S.C. § 1330(a).  A foreign state does not include the "United States" or "a citizen [including a political subdivision or separate legal person, corporate or otherwise] of a State of the United States."  *See* 28 U.S.C. §§ 1603(b)(3), (c).  And § 1338 applies to actions "arising under any Act of Congress relating to patents[.]"  28 U.S.C. § 1338(a).  Plaintiffs' motion does not allege any patent arising under an Act of Congress.

Further, even if Plaintiffs could establish the court's jurisdiction, it appears that Plaintiffs are seeking injunctive relief based on alleged criminal activity by the Defendants.  This court lacks jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather than a governmental agency.  *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case).

In short, even if Plaintiffs do pay the filing fee for a civil action, that action, if it proceeds on papers filed date, faces dismissal.

IT IS HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to send Plaintiffs a copy of this Order and the Court's Application to Proceed in forma pauperis with the accompanying information sheet.

2. Plaintiffs are GRANTED until November 29, 2013 to (a) pay the filing fee; (b) file a Notice of Withdrawal of this action and obtain reimbursement of their $46 from the Clerk's Office; or (c) submit completed and executed applications to proceed in forma pauperis on the forms provided by the court with this Order. The applications must bear the docket number (that is, Civil No. 13-00578 SOM/BMK) assigned to this case. Failure to timely file in forma pauperis applications (one for each Plaintiff), file a Notice of Withdrawal, or to pay the statutory filing fee ($354) by November 29, 2013 will result in AUTOMATIC DISMISSAL of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 31, 2013.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

JIMMY ANDRION, et al. v. MAUI COUNTY, et al., MC. 13-00203, ORDER OF DEFICIENCY